NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
CHRISTOPHER LIN
Assistant United States Attorney
501 Las Vegas Boulevard South
Suite 1100
Las Vegas, Nevada 89101
702-388-6336
christopher.lin@usdoj.gov

*Attorneys for the United States of America*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ETORI HUGHES,<br><br>    Defendant. | Case No. 2:21-mj-00120-DJA<br><br>ORDER to Continue the Preliminary Examination Date and Exclude Time Under the Speedy Trial Act<br>**(First Request)** |

IT IS HEREBY STIPULATED AND AGREED by and between, Nicholas A. Trutanich, United States Attorney, District of Nevada, Christopher Lin, Assistant United States Attorney, representing the United States of America, and Kathryn Newman, of the Federal Public Defender's Office., representing the defendant, that the Preliminary Examination date in the above captioned case, which is currently scheduled for February 19, 2021 at 4:00 P.M., be continued to a date and time convenient for the Court but not less than 14 days from the current setting. The parties stipulate to an extension of the 30-day period under 18 U.S.C. § 3161(b) in which an indictment or information must be returned.

1. This continuance is not sought for purposes of delay, but to account for the necessary social-distancing in light of the COVID-2019 public health emergency, and to allow the defense adequate time to prepare during the public health emergency and following its resolution.

2. The government is collecting the Rule 16 discovery to turn over to defendant counsel. Defense counsel would like to review the discovery, meet and confer with the defendant, and to discuss possible resolutions or strategies after receiving the discovery.

3. Federal Rule of Criminal Procedure 5.1(d) provides that a magistrate judge may extend the time limits in Rule 5.1(c) with the defendant's consent and upon a showing of good cause taking into account the public interest in the prompt disposition of criminal cases. Because the defendant wishes to review discovery with their client prior to the preliminary hearing or indictment, good cause exists to extend the time limits in Rule 5.1(c).

4. Denial of this request could result in a miscarriage of justice, and the ends of justice served by granting this request outweigh the best interests of the public and the defendant in a speedy trial.

5. The defendant is detained and does not object to the continuance.

6. This is the parties' first request to continue the Preliminary Examination date.

/ / /

7. The additional time requested by this stipulation is excludable in computing the time within which the trial must commence pursuant to the Speedy Trial Act, Title 18, United States Code, Sections 3161(h)(7)(A), and considering the factors under Title 18, United States Code, Section 3161(h)(7)(B)(i) and (iv).

DATED this 11th day of February, 2021.

NICHOLAS A. TRUTANICH
United States Attorney

/s/   Christopher Lin                        /s/   Kathryn Newman
CHRSTIOPHER LIN                              Kathryn Newman, Esq.
Assistant United States Attorney             Counsel for Defendant

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America, | Case No. 2:21-mj-00120-DJA |
| Plaintiff, | **Findings and Order on Stipulation** |
| v. | |
| ETORI HUGHES, | |
| Defendant. | |

Based on the pending Stipulation between the defense and the government, and good cause appearing therefore, the Court hereby finds that:

1. To account for the necessary social-distancing in light of the COVID-2019 public health emergency and to allow the defense adequate time to prepare during and following the resolution of this public health emergency, the Preliminary Examination date in this case should be continued.

2. The government is collecting the discovery to turn over to defendant counsel. Defense counsel would like to review the discovery, meet and confer with the defendant, and to discuss possible resolutions or strategies after receiving the discovery.

3. The parties agree to this continuance.

4. The defendant is detained and does not object to the continuance.

5. This continuance is not sought for purposes of delay.

6. Denial of this request could result in a miscarriage of justice, and the ends of justice served by granting this request outweigh the best interest of the public and the defendants in a speedy trial.

7. The Speedy Trial Act's indictment clock under 18 U.S.C. § 3161(b) is extended to the Preliminary Hearing date set below.

4

8. The additional time requested by this stipulation is excludable in computing the time within which the trial must commence pursuant to the Speedy Trial Act, Title 18, United States Code, Sections 3161(h)(7)(A), and considering the factors under Title 18, United States Code, Section 3161(h)(7)(B)(i) and (iv).

THEREFORE, IT IS HEREBY ORDERED that the Preliminary Examination in the above-captioned matter currently scheduled for February 19, 2021 be vacated and continued to March 19, 2021, at 4:00 p.m., Courtroom 3A.

DATED this 16th day of February, 2021.

_____
DANIEL J. ALBREGTS, U.S. Magistrate Judge